# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NING YU, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 08-CV-11108 |
| STATE STREET CORPORATION, STATE STREET GLOBAL ADVISORS, LYNN L. ANDERSON, AGUSTIN J. FLEITES, STEVEN J. MASTROVICH, WILLIAM L. MARSHALL, PATRICK J. RILEY, BRUCE D. TABER, RICHARD D. SHIRK, HENRY W. TODD, MARK E. SWANSON, DONALD A. GIGNAC, KAREN D. GILLOGLY, WILLIAM L. BOYAN, MICHAEL F. HOLLAND, RINA K. SPENCE, DOUGLAS T. WILLIAMS, JAMES ROSS, GARY L. FRENCH and PETER G. LEAHY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) | |

## COMPLAINT

Plaintiff Ning Yu (the "Plaintiff") makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel, which investigation included analysis of public filings, publicly available news articles and reports about State Street Corporation, as well as press releases, investor communications and other public statements issued by defendants, and media reports about the defendants and believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of all persons and entities (other than defendants and certain others identified below) who purchased shares of the SSgA Yield Plus Fund (Ticker: SSYPX) (referred to as the "Yield Plus Fund") within three years of the filing of this lawsuit, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act") (the "Class").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].  In connection with the acts complained of, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 22 of the Securities Act [15 U.S.C. §77v].

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the Yield Plus Fund is a fund of SSgA Funds, an open-end investment management company and the investment management arm of State Street Corporation, a financial holding company organized under the laws of the Commonwealth of Massachusetts, incorporated in Massachusetts, and whose corporate headquarters is in Boston, Massachusetts.

5.      In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6.     Plaintiff acquired shares of the Yield Plus Fund (Ticker: SSYPX) pursuant and/or traceable to the Registration Statement accompanying the issuance of SSgA Funds and has been damaged thereby.

7.     Defendant State Street Corporation ("State Street") (NYSE: STT) is one of the world's largest global financial services companies. State Street was founded in 1792, and is headquartered in Boston.  State Street employs over 25,000 staff worldwide and, as of September 2007, claims assets under custody of $15.1 trillion and assets under management of $2 trillion.

8.     Defendant State Street Global Advisors ("SSgA") is the investment management arm of State Street Corporation. SSgA focuses on delivering investment strategies and integrated solutions to institutional and individual investors worldwide.  The SSgA Worldwide headquarters is also located at One Lincoln Street in Boston, Massachusetts.

9.     SSgA Funds is organized as a Massachusetts business trust and is an unincorporated business trust organized under the laws of the Commonwealth of Massachusetts.  SSgA Funds engages in business as an open-end management investment company and is registered as such under the Investment Company Act of 1940.

10.     The SSgA Yield Plus Fund ("Yield Plus Fund") is offered by SSgA and is managed by the SSgA Global Fixed Income Team and is one of the funds offered by SSgA Funds.  The Yield Plus Fund's initial Registration Statement was filed with the SEC on November 9, 1992.

11.     Defendant Lynn L. Anderson ("Anderson") is President and Chairman of the Board of State Street and the Yield Plus Fund.  Anderson signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

- 3 -

12.     Defendant Agustin J. Fleites ("Fleites") was Chief Executive Officer and a Trustee of State Street and the Yield Plus Fund.  Fleites signed the false and misleading Registration Statement at issue in this action, as well as 2 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and February 18, 2005.

13.     Defendant Steven J. Mastrovich ("Mastrovich") is a trustee of State Street and the Yield Plus Fund.  Mastrovich signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

14.     Defendant William L. Marshall ("Marshall") is a trustee of State Street and the Yield Plus Fund.  Marshall signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

15.     Defendant Patrick J. Riley ("Riley") is a trustee of State Street and the Yield Plus Fund.  Riley signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

16.     Defendant Bruce D. Taber ("Taber") is a trustee of State Street and the Yield Plus Fund.  Taber signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

17.     Defendant Richard D. Shirk ("Shirk") is a trustee of State Street and the Yield Plus Fund.  Shirk signed the false and misleading Registration Statement at issue in this action, as well as

6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

18.     Defendant Henry W. Todd ("Todd") is a trustee of State Street and the Yield Plus Fund.  Todd signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

19.     Defendant Mark E. Swanson ("Swanson") was a Treasurer (principal financial officer) of State Street and the Yield Plus Fund.  Swanson signed the false and misleading Registration Statement at issue in this action, as well as 6 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

20.     Defendant Donald A. Gignac ("Gignac") was President (principle executive officer) of State Street Master Funds and the Yield Plus Fund.  Gignac signed the false and misleading Registration Statement at issue in this action, as well as 1 subsequent amendment that incorporated by reference the language of the Registration Statement and filed on December 20, 2004.

21.     Defendant Karen D. Gillogly ("Gillogly") was Treasurer (principal accounting officer) of State Street Master Funds and the Yield Plus Fund.  Gillogly signed the false and misleading Registration Statement at issue in this action, as well as 1 subsequent amendment that incorporated by reference the language of the Registration Statement and filed on December 20, 2004.

22.     Defendant William L. Boyan ("Boyan") was a trustee of State Street Master Funds and the Yield Plus Fund.  Boyan signed the false and misleading Registration Statement at issue in

this action, as well as 3 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

23.     Defendant Michael F. Holland ("Holland") was a trustee of State Street Master Funds and the Yield Plus Fund.  Holland signed the false and misleading Registration Statement at issue in this action, as well as 3 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

24.     Defendant Rina K. Spence ("Spence") was a trustee of State Street Master Funds and the Yield Plus Fund.  Spence signed the false and misleading Registration Statement at issue in this action, as well as 3 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

25.     Defendant Douglas T. Williams ("Williams") was a trustee of State Street Master Funds and the Yield Plus Fund.  Williams signed the false and misleading Registration Statement at issue in this action, as well as 3 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 20, 2004 and December 18, 2007.

26.     Defendant James Ross ("Ross") was President (principal executive officer) of State Street Master Funds and the Yield Plus Fund.  Ross signed the false and misleading Registration Statement at issue in this action, as well as 3 subsequent amendments that incorporated by reference the language of the Registration Statement and filed between December 26, 2005 and December 18, 2007.

27.     Defendant Gary L. French ("French") was Treasurer (principal accounting officer) of State Street Master Funds and the Yield Plus Fund.  French signed the false and misleading Registration Statement at issue in this action, as well as 2 subsequent amendments that incorporated

by reference the language of the Registration Statement and filed between December 26, 2005 and December 18, 2007.

28.     Defendant Peter G. Leahy ("Leahy") was a trustee of State Street and the Yield Plus Fund.  Leahy signed the false and misleading Registration Statement at issue in this action, as well as 2 subsequent amendments that incorporated by reference the language of the Registration Statement and filed on August 15, 2007 and December 18, 2007.

29.     Each of the defendants named in ¶¶11-28 (the "Individual Defendants") prepared, reviewed and/or signed or authorized the signing of the Registration Statement for the offering of shares of the Yield Plus Fund.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Class.  Excluded from the Class are defendants, the officers and directors of the defendant companies, at all relevant times, members of the immediate families of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, heirs, successors or assigns and any such excluded party.

31.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by defendants, or specifically by SSgA Funds, the Yield Plus Fund or its transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' conduct in violation of federal law that is complained of herein.  Plaintiff does not have any interests antagonistic to, or in conflict with, the other members of the Class.

33.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and has retained counsel competent and experienced in class and securities litigation.

34.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

        (a)     Whether the Securities Act was violated by defendants' acts as alleged herein;

        (b)     Whether the Registration Statement and its subsequent amendments issued by defendants to the investing public in connection with the sale of SSYPX negligently omitted and/or misrepresented material facts about the Yield Plus Fund;

        (c)     Whether the Registration Statement and subsequent amendments issued by defendants to the investing public in connection with the sale of SSYPX contained untrue statements of material fact; and

        (d)     to what extent the members of the Class have sustained damages and the proper measure of damages.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of

individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

36.    On or about November 9, 1992, Defendants began offering shares of the SSgA Yield Plus Fund pursuant to an initial registration statement, filed with the SEC as a Form 485BPOS (the "Registration Statement").

37.    The SSgA Yield Plus Fund is a mutual fund promoted or marketed by Defendants with a "fund objective" that "seeks high current income and liquidity."

38.    The Registration Statement, subsequent supplemental Prospectuses, Defendants' marketing materials and communications to shareholders of the SSgA Yield Plus Fund all represent that the "investment objective" of the SSgA Yield Plus Fund is to invest "primarily in a diversified portfolio."

39.    The Registration Statement, subsequent supplemental Prospectuses, Defendants' marketing materials and communications to shareholders of the SSgA Yield Plus Fund all represent that the "investment objective" of the SSgA Yield Plus Fund is to invest in "high-quality debt securities."

40.    The SSgA Yield Plus Fund is promoted with "Key Features" that include "high credit quality," "sophisticated credit analysis" and "team based decision making by experienced investment professionals."

41.    Defendants solicited investors utilizing representations regarding the soundness or reliability of the investment that could be obtained through purchases of shares in the SSgA Yield Plus Fund, akin to those identified in ¶¶37-39.  Defendants used print and online advertisements and sales materials, as well as numerous amendments that incorporated by reference the language of the Registration Statement throughout the relevant time period, including the following filing dates:

December 20, 2004, February 18, 2005, November 29, 2005, December 26, 2005, August 15, 2007, and December 18, 2007.

42.     Defendants promoted the attributes of the SSgA Yield Plus Fund to entice investors and garner huge asset growth.  Also, as a result of Defendants' misleading statements about the SSgA Yield Plus Fund, Defendants were able to maintain a consistent net asset value throughout the relevant time period, through June 2007.  The SSgA Yield Plus Fund maintained a trading level above $9.88 from its inception through July 10, 2007.

43.     By July 11, 2007, Defendants slowly began lowering the value of the share price for the SSgA Yield Plus Fund.  Since then, the value of the SSgA Yield Plus Fund's share price has been precipitously lowered.  By August 7, 2007, the value of the per share price was reduced to $9.30; by August 20, 2007 to $9; by December 12, 2007 to $8.01; and by March 3, 2008 to $7.45. The shares were trading at a low of $6.60 as of the filing of this complaint.

44.     Defendants recently updated investors about the falling share price of the SSgA Yield Plus Fund, blaming the turmoil in the subprime lending industry.

45.     As of August 31, 2007, Defendants had invested more than 50% of the SSgA Yield Plus Fund's assets in mortgage-related or mortgage-backed securities.

46.     The so-called "Risk Management" disclosed by Defendants in connection with the SSgA Yield Plus Fund was not sufficient or meaningful to advise investors of the actual risks associated with investing in the SSgA Yield Plus Fund.  The Risk Management did not warn that the SSgA Yield Plus Fund was so heavily invested in high-risk mortgage-backed securities or had a vast exposure to the subprime lending industry.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

47.     Plaintiff repeats and realleges each and every allegation contained above.

48.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

49.     The Registration Statement, its corresponding amendments, and the general solicitation materials for the sale of shares of the Yield Plus Fund were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

50.     The SSgA Fund is the registrant for the shares of the Yield Plus Fund.  The defendants named herein were responsible for the contents and dissemination of the Registration Statement.

51.     As issuer of the shares, defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

52.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

53.     By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

54.     Plaintiff acquired shares of the Yield Plus Fund during the relevant time period and pursuant to the Registration Statement.

55.     Plaintiff and the Class have sustained damages.  The value of the shares of the Yield Plus Fund declined substantially subsequent to and due to defendants' violations.

56.     At the times they purchased shares of the Yield Plus Fund, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to July 2007.  Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this Complaint.  Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiff filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

57.     Plaintiff repeats and realleges each and every allegation contained above.

58.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

59.     Defendants were sellers and offerors and/or solicitors of purchasers of the shares of the Yield Plus Fund offered pursuant to the Registration Statement.

60.     The Registration Statement and corresponding amendments contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  The Individual Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement and participating in marketing the shares of the Yield Plus Fund to investors.

61.     Defendants owed to the purchasers of the shares of the Yield Plus Fund, including Plaintiff and other Class members, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and corresponding amendments to ensure that

such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the offering materials as set forth above.

62.     Plaintiff and other members of the Class purchased or otherwise acquired shares of the Yield Plus Fund pursuant to the defective Registration Statement and corresponding amendments. Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in defendants' solicitation materials.

63.     By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold shares of the Yield Plus Fund have the right to rescind and recover the consideration paid for their shares of the Yield Plus Fund and hereby elect to rescind and tender those shares to the defendants sued herein. Plaintiff and Class members who have sold their shares of the Yield Plus Fund are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

64.     Plaintiff repeats and realleges each and every allegation contained above.

65.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

66.     Each of the Individual Defendants was a control person of the Yield Plus Fund by virtue of his or her position as a director and/or senior officer of Yield Plus Fund or other defendant companies. The Individual Defendants each had a series of direct and/or indirect business and/or

personal relationships with other directors and/or officers and/or major shareholders of the Yield Plus Fund.

67.     Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on their having signed the Registration Statement and/or amendments and having otherwise participated in the process which allowed the sale of the shares of the Yield Plus Fund to be successfully completed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.     Awarding rescission or a rescissory measure of damages as to Count II; and

E.     Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  June 30, 2008                SHAPIRO HABER & URMY LLP


                                     /s/ Thomas G. Shapiro
                                     Thomas G. Shapiro (BBO#454680)
                                     Adam M. Stewart (BBO#661090)
                                     53 State Street
                                     Boston, MA  02109
                                     Telephone:  (617) 439-3939
                                     Facsimile:  (617) 439-0134
                                     tshapiro@shulaw.com
                                     astewart@shulaw.com

                                     COUGHLIN STOIA GELLER
                                       RUDMAN & ROBBINS LLP
                                     SAMUEL H. RUDMAN
                                     DAVID A. ROSENFELD
                                     MARK S. REICH
                                     58 South Service Road, Suite 200
                                     Melville, NY  11747
                                     Telephone:  (631) 367-7100
                                     Facsimile:  (631) 367-1173
                                     srudman@csgrr.com
                                     drosenfeld@csgrr.com
                                     mreich@csgrr.com

                                     DYER & BERENS LLP
                                     ROBERT J. DYER III
                                     JEFFREY A. BERENS
                                     682 Grant Street
                                     Denver, CO  80203
                                     Telephone: (303) 861-1764
                                     Facsimile: (303) 395-0393

                                     HOLZER HOLZER & FISTEL, LLC
                                     COREY D. HOLZER
                                     MICHAEL I. FISTEL, JR.
                                     1117 Perimeter Center West, Suite E-107
                                     Atlanta, GA  30338
                                     Telephone:  (770) 392-0090
                                     Facsimile:  (770) 392-0029
                                     cholzer@holzerlaw.com
                                     mfistel@holzerlaw.com

                                     *Attorneys for Plaintiff*

## CERTIFICATION OF PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned declares, as to the claims asserted under the federal securities laws, that:

1.    The undersigned has reviewed the complaint and approves its filing.

2.    The undersigned did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this lawsuit.

3.    The undersigned is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    The undersigned's purchases and sales of shares of the SSgA Yield Plus Fund (Ticker: SSYPX) during the class period are as follows:

| Transaction Date(s) | # of Shares | Buy or Sell | Price Per Share |
|---|---|---|---|
| 07/02/2007 | 454.087 | Buy | $9.91 |
| 08/21/2007 | 455.585 | Sell | $9.01 |

5.    During the three years prior to the date of this Certificate, the undersigned has sought to serve or served as a representative party for a class in the following actions under the federal securities laws:

6.    The undersigned will not accept any payment for serving as a representative party on behalf of the class beyond the undersigned's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.   Executed this 23rd day of June 2008.

[signature]

Ning Yu
Please print name.